IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DITECH FINANCIAL,<br>    Plaintiff,<br><br>v.<br><br>TYRONZIA GARDNER, FREDDIE M.<br>RUSSELL, and ALL OTHERS,<br>    Defendants. | CIVIL ACTION NO.<br>1:19-CV-2617-MHC-LTW |

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on pro se Defendant Tyronzia Gardner's request to remove a civil action in forma pauperis, without prepayment of fees and costs or security therefor (Doc. 1), pursuant to 28 U.S.C. § 1915(a)(1). The Affidavit of Poverty indicates that Defendant Gardner is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Defendant Gardner's motion to proceed in forma pauperis is **GRANTED**. (Doc. 1). For the reasons outlined below, however, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Newton County.

## PROCEDURAL BACKGROUND FACTS

In June 2019, pursuant to Georgia law, Plaintiff Ditech Financial LLC ("Ditech") filed a dispossessory proceeding in the Magistrate Court of Newton County, State of

Georgia, in an attempt to evict Defendants Tyronzia Gardner and Freddie M. Russell from real property on the grounds that they are tenants at sufferance following foreclosure. (Doc. 1-1, at 8). Defendant Gardner removed the matter to this Court on June 7, 2019, and appears to be asserting federal defenses or counterclaims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), Rule 60 of the Federal Rules of Civil Procedure, and the Fifth, Seventh, and Fourteenth Amendments of the United States Constitution against Ditech in her petition for removal. (Doc. 1-1, at 3-5).

Gardner and Russell's defenses and counterclaims under federal law do not give them the authority to remove this action. First, 28 U.S.C. § 1441 does not provide a basis for removal in this case. Title twenty-eight, Section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens of different states). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the

2

AO 72A
(Rev 8/82)

party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In this case, federal question jurisdiction is not present. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In this case, Ditech relied exclusively on state law when it initiated a dispossessory proceeding in the Magistrate Court of Newton County to seek possession of Gardner and Williams' real property. (Doc. 1-1, at 8). No federal question is presented on the face of Ditech's Complaint. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system. See O.C.G.A. § 44-7-49, et seq. There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. In Gardner and Russell's Notice of Removal,

they cursorily allege Ditech violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), Rule 60 of the Federal Rules of Civil Procedure, and the Fifth, Seventh, and Fourteenth Amendments of the United States Constitution . (Doc. 1-1, at 3-5). A federal question present in a counterclaim or a defense, however, is not a proper basis for removal of a Complaint. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 n.20 (11th Cir. 2010).

Moreover, diversity of citizenship does not provide a basis for removal in this case. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the parties are diverse and the $75,000 amount in controversy jurisdictional threshold is met. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990). Neither Gardner and Russell's Petition for Removal nor Ditech's Complaint includes any facts showing that the parties have diverse citizenship or that the $75,000 jurisdictional threshold is met. A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002). Thus, Plaintiff's Complaint, which only includes an action for dispossession of real property, does not satisfy the amount in

AO 72A
(Rev.8/82)

controversy requirement. Because Gardner and Russell have not established a basis for removal jurisdiction, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Newton County.

## CONCLUSION

Based on the foregoing reasons, Defendant Williams' application to proceed in forma pauperis is **GRANTED**. (Doc 1). Additionally, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Newton County. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED AND REPORTED AND RECOMMENDED** this 1 day of July, 2019.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)